Wyly, J.
In April, 1867, Bernard Soulié foreclosed, via ordinaria, his mortgage- against Louis Ranson, and after the sale of the mortgaged property, he caused, an alias fieri facias to issue for the balance due him on said judgment. The sheriff seized eighty acres of land in the parish of St. Charles belonging to Louis Ranson; and the same land be subsequently seized under a fieri facias issued by A. Dudossat, the ■owner of the judgment, styled Lehman, Newgass & Co. v. Louis Ranson. Under both these writs the property was offered for sale on the fifth July, 1873, aud it was adjudicated to Bernard Soulié for $1300. He refused, however, to pay over the money to the sheriff, and the latter was proceeding to resell the property, when he was arrested from so doing by a writ of injunction sued out by Bernard Soulié, on the ground that he was entitled to retain the price in satisfaction of his •own judgment, he being the first seizing creditor, and therefore entitled to a preference over the defendant, A. Dudossat, who seized subsequently.
The court dissolved the injunction with fifty dollars damages, and the plaintiff, Bernard Soulié, appeals. The defendant, A. Dudossat, joins in the appeal, praying that the damages be increased to twenty per cent.
*280 It appears from the mortgage certificate that defendant’s judgment styled Lehman, Newgass & Co. v. Ranson is a judicial mortgage prior in rank to the judicial mortgage of plaintiff against Ranson. It is evident that the preference plaintiff Soulié acquired from his prior seizure-can not defeat the existing prior mortgage on the property in question, which seems to be all that remains belonging to the seized debtor.
Under the circumstances, it was the duty of the plaintiff in injunction to have complied with his bid, paying over the price to the sheriff, and then, if he thought he was entitled to the proceeds of the sale, he could in a proper proceeding have had the question settled contradictorily with all parties in interest. A eonewsus was his remedy. When he refused to comply with his bid, the sheriff was right in disregarding it and proceeding to resell the property.
The damages we will increase to one hundred dollars.
It is therefore ordered that the judgment herein be amended so as to-increase the amount of damages to one hundred dollars, and as amended, it is ordered that the judgment be affirmed with costs.
Rehearing refused.